## MALCOLM *v.* METROPOLITAN EL. RY. Co. *et al.*

*(Common Pleas of New York City and County, General Term.* February 2, 1891.)

1. EMINENT DOMAIN—COMPENSATION—EVIDENCE.

   In an action for damages to the rental value of property from the maintenance of an elevated railway, a question to a witness, on the subject of damages, the owner of a stable adjacent to the premises, how much the railroad had damaged his stable, although not competent as evidence in chief, because foreign to the issue and mere matter of opinion, may be proper on cross-examination.

2. SAME—OBJECTIONS TO EVIDENCE.

   An answer to such question that the elevated road had damaged the witness' "business" a certain sum, is irresponsive; but in the absence of a motion to strike it out, or to direct the jury to disregard it, an exception to its admission as incompetent is not available.

3. APPEAL—REVIEW—OBJECTIONS TO EVIDENCE.

   A general objection to the admission in evidence of a written instrument, portions of which are competent, is ineffectual on appeal, especially where the injurious effect of the objectionable part of it is obviated by a subsequent instruction to the jury.

Appeal from trial term.

Action by Mary Malcolm against the Metropolitan Elevated Railway Company and the Manhattan Railway Company, for damages for injury to the rental value of plaintiff's property from the maintenance and operation of defendants' railway. Defendants appeal from a judgment for plaintiff entered on the verdict of a jury, and from an order denying a motion for a new trial. Plaintiff was owner of a life-estate only in the premises, and that estate was terminated by sale July 17, 1886, between which date and the date when the statute of limitations attached to the cause of action a period of four years, two months, and five days intervened; and it was damages during this interval only that plaintiff was allowed to recover.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

*Davies & Rapallo, (Brainard Tolles,* of counsel,) for appellants. *Smith & Bowman, (Artemas B. Smith,* of counsel,) for respondent.

PRYOR, J. For reversal of the judgment appellant relies exclusively upon two exceptions to the admission of evidence, and the decision of the appeal depends upon the validity of those exceptions. A witness, owner of a stable adjacent to the premises in question, was allowed, against an objection and exception by appellants, to testify to the amount of injury inflicted on his property by defendants' railway. As evidence in chief for plaintiff this testimony was clearly incompetent, because—*First*, the question of specific injury to the property of the witness was wholly foreign from the issue as to

injury.to plaintiff's property; and, *secondly*, the opinion of a witness as to
the amount of damage is always inadmissible, because a distinct and direct
intrusion upon the province of the jury. But the impeached testimony was
not offered or received as evidence in support of plaintiff's case, and the
question is, was it legitimate upon cross-examination? The witness intro-
duced for the defense lived in the house in controversy, and in reply to coun-
sel for appellant testified that "the elevated railroad don't bother me much.
I have not found it a serious inconvenience to my living there." On disclos-
ure of the fact that witness owned a stable in the same street, and in prox-
imity to the premises in question, and that he had brought suit against the
railroad company for damages to that stable, he was asked, on cross-examina-
tion: "How much do you think the elevated road has damaged your stable?"
On cross-examination "a witness may be asked any questions which tend to
test his accuracy, veracity, or credibility." Steph. Dig. Ev. art. 129; 1 Greenl.
Ev. § 446. "The range and extent of cross-examination is, as a general rule,
within the discretion of the court, subject to the limitation that it must re-
late to matters pertinent to the issue, or which tend to discredit a witness
or impeach his moral character." *People* v. *Court of Oyer & Terminer*, 83 N.
Y. 438. Within the limits thus authoritatively defined by the court of ap-
peals, the interrogatory under criticism was indisputably legitimate. An
opinion of the witness that specific property was not materially affected by
the operation of a given cause would certainly be in some measure invalidated
by an opinion of the witness that other property subjected to the influence of
the same cause was thereby injured to an enormous degree. The discrepancy
of opinion plainly affects the consistency and soundness of his judgment, and,
indeed, affords legitimate ground for challenging his veracity. Again, upon
the supposition that the testimony given was incompetent, for a technical
reason the exception under review is unavailable for reversal of the judg-
ment. The question was: "How much do you think the elevated road has dam-
aged your stable?" Objection by defendants. The witness replied, "I consider
that the elevated railroad has hurt my business twenty thousand dollars,"—an
obviously irresponsive answer, as to which no motion was made to strike it
out, or request to direct the jury to disregard it. The objection was nugatory.
*Platner* v. *Platner*, 78 N. Y. 91. Equally untenable is the other of the two
exceptions upon which appellants rely. Plaintiff introduced the agreement
for the sale of the property in question. Defendants objected to the admis-
sion of "the agreement" in evidence, but the court received it, and defend-
ants excepted. But manifestly the document was competent evidence to
show—*First*, the duration of plaintiff's estate, and so the period for which
she might recover damages; and, *secondly*, that the cause of action upon
which she sues did not pass with the estate, but was reserved to plaintiff.
Portions of the paper being competent evidence, a general objection to the en-
tire instrument is ineffectual; but appellants should have discriminated the
inadmissible parts, and leveled their exceptions exclusively against them.
The provision of the agreement which defendants distinguish as obnoxious
evidence is the clause purporting to reserve from the grant of the property a
right in plaintiff to sue for future damages; but the court expressly instructed
the jury that the plaintiff could not recover for such damages, and so the er-
ror, even if available on the record, was obviated. Judgment and order af-
firmed, with costs. All concur.